## WHITWELL et al. v. UNITED STATES ex rel. SELDEN.
### No. 5577.

Court of Appeals of the District of Columbia.
Argued April 4, 1932.
Decided May 2, 1932.

W. W. Bride and F. H. Stephens, both of Washington, D. C., for appellants.

Arthur J. Hilland and B. H. Saunders, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is by the board of education of the District of Columbia from a judgment of the Supreme Court of the District awarding appellee, plaintiff below, a writ of mandamus to compel the board to restore her to the position of matron of Armstrong High School, one of the public schools in the District of Columbia. It appears that plaintiff had served in this position from July 1, 1917, until January 15, 1930. On the advice of her superintendent she applied to the board for a sick leave of absence without pay for a period of one year, to begin on January 16, 1930. On the 15th of January the board of education passed an order terminating plaintiff's services, with the provision that "this termination is made because Mrs. M. F. Sel-

den will not be able to return to service for some time on account of ill health. In making this termination it is understood that Mrs. Selden will be considered for the first vacancy developing after her return to a physical condition which will enable her to take up the duties of the position."

This order was made in conformity to the following rule of the board: "Employees other than administrative and supervisory officers, teachers, and librarians, may not be granted leave of absence as provided in sections 2 and 3 of Chapter XI, but the services of such employees may be terminated, and if they comply with the requirements of said sections they may be appointed to the first vacancy in any position for which they may be qualified occurring after the expiration of the period of the leave of absence authorized in said sections."

It is contended that the board was without authority to dismiss plaintiff and terminate her service except upon a recommendation of the superintendent of schools, and that no such recommendation was made in this case, and that the foregoing rule under which the board acted is in conflict with the organic law, 34 Stat. 316, 317, § 2 (D. C. Code, 1929, T. 7, § 2), which provides as follows: "No appointment, promotion, transfer, or dismissal of any director, supervising principal, principal, head of department, teacher, or any other subordinate to the superintendent of schools, shall be made by the Board of Education, except upon the written recommendation of the superintendent of schools."

In Blair v. United States, Ex Rel. Hellman, 45 App. D. C. 353, it was directly held that under the above provision of the statute the board was without power to dismiss a teacher except upon the recommendation of the superintendent, and that a rule of the board to the contrary is invalid. On the authority of that case the action of the board in the instant case cannot be upheld, and the writ was properly granted.

The judgment is affirmed, with costs.