988

Court of Appeals of the District of Columbia.
Argued Dec. 6, 1933.
Decided Jan. 15, 1934.

F. H. Stephens, of Washington, D. C., for appellant.

Arthur J. Hilland, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment of the Supreme Court of the District of Columbia.

The appellee, Mary F. Selden, as plaintiff, filed a declaration in the lower court against the District of Columbia as a municipal corporation, alleging that she had been employed as matron in one of the public schools of the District, and had served continuously in that capacity at a compensation of $1,440 per annum from July 1, 1917, to January 15, 1930; that she was appointed for an indefinite tenure of office and was en-

titled to continue in the service and to receive such compensation until her term of office was terminated according to law; that on January 15, 1930, the board of education of the District of Columbia unlawfully passed an order dismissing her from her employment as of that date, and thereupon unlawfully dropped her name from its pay rolls, and failed and refused to compensate her in any sum during the period from January 16, 1930, to and including May 30, 1932; that the plaintiff made numerous efforts during that period to have the board rescind its order terminating her employment, but the board continuously refused so to do; that on the 25th day of July, 1931, plaintiff filed a petition in the Supreme Court of the District of Columbia for a writ of mandamus to compel the board to rescind its illegal order aforesaid and restore her to the position of matron as theretofore held by her; that on October 27, 1931, plaintiff obtained a judgment in the cause granting the prayer of her petition and commanding the board to restore plaintiff to her position as matron as aforesaid, and to all the rights, duties, privileges, and emoluments thereto appertaining as the same were formerly had and enjoyed by plaintiff; that this judgment was affirmed by the Court of Appeals of the District of Columbia [Whitwell v. U. S. ex rel. Selden, 61 App. D. C. 169, 58 F.(2d) 895]; that the board thereupon duly passed an order reinstating plaintiff to her position at matron in the public schools of the District as of January 16, 1930, with the emoluments theretofore had and enjoyed by her in such position; that plaintiff on May 31, 1932, resumed her duties as matron and has since been continuously paid therefor at the rate of $1,440 per annum, being the rate paid to her prior to her absence; that during the period from January 16, 1930, up to and including May 31, 1932, the board became indebted to the plaintiff as and for her salary in the sum of $3,-550, which sum remains due and wholly unpaid, and for which plaintiff prayed judgment.

Thereupon the defendant, the District of Columbia, filed a plea to the declaration in which it alleged that on the 13th day of January, 1930, the plaintiff being "run down physically and in need of rest" applied to the board of education for leave of absence for one year, without pay, beginning January 16, 1930, and that on January 15, 1930, plaintiff was dropped from the list of employees under a rule of the board providing that matrons when unable to perform their duties should be dropped subject to being re-

stored when sufficiently recovered to perform such duties; that plaintiff on February 22, 1930, protested against the order dropping her from the service and insisted that she was entitled under the rules to a year's leave of absence without pay; that afterwards on June 16, 1930, plaintiff advised the board that she had fully recovered her health and asked to be reinstated as of July 1, 1930; that thereupon the plaintiff was requested to appear before the health officer for an examination to determine her fitness to perform her duties, but plaintiff failed to appear, and on January 8, 1931, advised the board that she had hoped to appear for physical examination and reinstatement but some of her symptoms had returned and she inclosed her application for retirement, which application was accompanied by a medical certificate certifying that she was totally incapacitated for useful and efficient service; that her application for retirement was rejected on the ground that her services had been terminated by the board's order of January 15, 1930, and she would not be eligible for retirement until restored; that on May 2, 1932, a writ of mandamus was issued by the Supreme Court of the District of Columbia, as affirmed by this court [Whitwell v. U. S. ex rel. Selden, 61 App. D. C. 169, 58 F.(2d) 895], directing the board to restore plaintiff to her position as matron as of January 15, 1930, whereupon plaintiff was so reinstated and she returned to work on May 31, 1932, and has since continuously performed the services and received the salary of a matron; that from the 16th of January, 1930, up to May 31, 1932, plaintiff was on leave of absence without pay pursuant to her own request and neither performed nor offered to perform any services as matron, and was not able to perform such duties, and was out of the jurisdiction for the greater part of such period. The defendant also alleged that during the absence of the plaintiff another incumbent was appointed in her place, who performed the duties and was paid the salary therefor, and that the defendant cannot be held to pay twice for the same position. These averments were supported by an affidavit of defense.

The plaintiff demurred to the defendant's plea alleging that it was bad in substance, and moved for judgment under law rule 73 of the Supreme Court of the District of Columbia. The court sustained the demurrer and rendered judgment in favor of the plaintiff in the sum of $3,550 with interest and costs, whereupon the present appeal was taken.

We do not agree with the judgment of the lower court.

The demurrer of the plaintiff to the defendant's plea admits all of the allegations which are well pleaded therein. The plaintiff accordingly admits that from the 16th of January, 1930, up to May 2, 1932, she was on leave of absence without pay pursuant to her own request, and neither performed nor offered to perform any services as matron, and was not able to perform such duties, and was out of the jurisdiction for the greater part of such period. The plaintiff similarly admits that on June 16, 1930, she advised the board that she had fully recovered her health and asked to be reinstated as of July 1, 1930; but on January 8, 1931 (after failing to appear for reinstatement), she advised the board that she had hoped to appear for reinstatement but that some of her symptoms had returned, and she inclosed her application for retirement, which application was accompanied by a medical certificate certifying that she was totally incapacitated for useful and efficient service. These admissions tend to establish the fact that during a large part, if not all, of the period from January 15, 1930, to May 2, 1932, the plaintiff by reason of illness was unable to perform and did not offer to perform any of the duties of a matron in the schools, nor does she aver in her declaration that she offered to perform or was able to perform such duties within that time. And during that period another person was employed by the board to perform the duties incident to the position of matron, and was paid the regular compensation therefor. If these facts be true, the plaintiff would not be entitled to compensation for that period. In our opinion therefore the demurrer to the defendant's plea should have been overruled.

It is contended in behalf of the plaintiff that the present case is governed by the judgment in the mandamus case above referred to, under the rule of res adjudicata. We think this view is mistaken, for the issues in the several cases are not identical. The mandamus case referred only to the dismissal of the plaintiff as a matron by the board on January 15, 1930, and the court held that the dismissal was unlawful, and plaintiff was restored to the position and rights which she had lost thereby. The present issue, however, relates to transactions subsequent to that date and depends upon other facts.

We therefore reverse the judgment of the

lower court, with costs, and remand the case for further proceedings with leave to the plaintiff to amend her declaration if she desires to do so.

Reversed and remanded.