FRIENDLY BROADCASTING CO., Inc. an Ohio corporation, Plaintiff,

v.

HAWAIIAN PARADISE PARK CORPO-RATION, a Hawaii corporation, Defendant.

Civ. No. 2668.

United States District Court D. Hawaii.

Sept. 19, 1967.

William H. Dodd, Jr., Honolulu, Hawaii, for plaintiff; Fong, Miho, Choy & Robinson, Honolulu, Hawaii, of counsel.

Clinton R. Ashford, Galen C. K. Leong, John Jubinsky, Honolulu, Hawaii, for defendant; Stephenson, Ashford & Wriston, Honolulu, Hawaii, of counsel.

## FINAL JUDGMENT

TAVARES, District Judge.

This action having been brought by plaintiff against defendant to enjoin de- fendant from withdrawing, terminating or in any manner whatsoever, interfering with defendant's application to transfer its Federal Communications Commission license to operate station KTRG-TV or, without the recognition of plaintiff's prior rights, selling, attempting to sell or negotiating for sale any and all of the property described in Plaintiff's Exhibit 1 until the time specified in the letter agreement dated December 16, 1966 has expired; and

Plaintiff having additionally prayed for a preliminary injunction pending the issuance of a permanent injunction; and upon defendant's motion, and by agreement of the parties, the Court having advanced the trial of the action on its merits and consolidated the same with the hearing of plaintiff's application for preliminary injunction; and

Plaintiff having subsequently amended its Complaint to pray that defendant be ordered to specifically perform the agreement of January 7, 1966, as amended by the letter agreement of December 16, 1966; and

After a full hearing upon the merits, the Court having entered its Judgment herein of June 30, 1967, pursuant to Findings of Fact and Conclusions of Law, which included a finding that the plaintiff was entitled to specific performance of said agreement as amended, at least until the initial decision by the Federal Communications Commission Examiner (hereinafter called FCC Examiner) should be entered, and that plaintiff had proved all of the material allegations of its Complaint as amended, and was entitled to the relief granted, at least up to the point of the filing of the FCC Examiner's decision; and

The Court having ordered and decreed in said Judgment of June 30, 1967, as follows:

"1. That Defendant, Hawaiian Paradise Park Corporation, its agents, officers, directors, servants, employees and attorneys are hereby enjoined and ordered not to withdraw, terminate, hamper, hinder, disturb, or in any manner

whatsoever, interfere with the APPLICATION FOR CONSENT TO ASSIGNMENT OF RADIO BROADCASTING STATION PERMIT OR LICENSE filed with the Federal Communications Commission by Defendant on February 3, 1966 and requesting consent to assign Defendant's said permit or license in respect to station KTRG-TV (Channel 13) to Friendly Broadcasting Co., Inc.

"2.  That Defendant, Hawaiian Paradise Park Corporation, its agents, officers, directors, servants, employees and attorneys are hereby enjoined and ordered not to sell, attempt to sell, or negotiate for sale, without the recognition of the prior rights of Friendly Broadcasting Co., Inc., any or all of the property Defendant contracted to sell and assign to Plaintiff by that certain Agreement dated January 7, 1966 and received into evidence as Exhibit P–1." and

The Court, in said Judgment, taking into consideration the requirements of the statutes, regulations and procedure applicable to the Federal Communications Commission, and to the transfer of Federal Communications Commission broadcasting permits or licenses; and there being on June 30, 1967, no final action or order of the Federal Communications Commission upon which a complete and final judgment as to all aspects of this action could be predicated —having by paragraph 3(a) of said Judgment ordered:

"3.  This Judgment and Order shall remain in full force and effect:

"(a) If the initial decision by Federal Communications Commission Hearing Examiner on the aforesaid application for consent for assignment of the KTRG-TV license or permit is in favor of said assignment, until further order of this Court. Immediately upon notification of a favorable initial decision, counsel for both Plaintiff and Defendant shall communicate said decision to this Court and a further hearing herein shall be held forthwith." and

"4.  Jurisdiction is hereby retained by the Court to further consider this matter and to make further determinations and orders as may appear necessary or appropriate, upon the rendering of the FCC Examiner's decision." and

The following significant, relevant and material acts and events, among others, having transpired since the entry of said Judgment on June 30, 1967:

(a) The initial decision of the FCC Examiner was duly rendered and entered on July 27, 1967, in favor of the assignment of said broadcasting permit or license of station KTRG-TV by defendant to plaintiff, and the Court, by agreement of the parties, continued the further hearing contemplated by said paragraph 3(a) of said Judgment, until September 6, 1967, and at the hearing on said September 6, 1967, the Court, by agreement of the parties, further continued said hearing to September 15, 1967, at which time the FCC Examiner's decision became final and not subject to appeal or reversal by the FCC;

(b) On September 15, 1967, the defendant filed in open court a copy of a registered air mail letter dated September 15, 1967, return receipt requested, which said defendant had signed and mailed to plaintiff and others, purporting to terminate the said agreement of January 7, 1966, as amended by the said letter of December 16, 1966, in purported accordance with defendant's interpretation of said agreement as amended, and orally moved the Court for an order vacating said injunction and dismissing said action;

(c) The Court thereupon orally ordered defendant to file said motion in writing and continued said action without prejudice to September 18, 1967, to enable the defendant to do so;

(d) On September 18, 1967, said defendant duly filed its written Motion for Order Vacating Injunction and Dismissing Action and Statement of Reasons in Support Thereof and Affidavit, and thereupon a full hearing and argu-

ment were had upon said motion and upon all other matters contemplated by said paragraph 3(a) of said Judgment of June 30, 1967; and

(e) The Court thereupon orally rendered its decision on said motion and other matters and in its said oral decision ordered that said oral decision constituted additional findings of fact and conclusions of law:

Therefore it is hereby ordered, adjudged and decreed, in addition to the orders entered in said Judgment of June 30, 1967, and by way of supplementing and amplifying the same, in the light of the record and the subsequent events hereinabove mentioned, as follows:

1. The injunction heretofore entered in favor of plaintiff and against the defendant, insofar as applicable at this time, is hereby made permanent.

2. The defendant herein shall specifically perform the basic agreement executed on January 7, 1966, between Hawaiian Paradise Park Corporation and United Broadcasting Company, Inc., which United Broadcasting Company, Inc. later assigned to plaintiff herein, as the same has been found to have been amended by the various documents in evidence, including the letter of December 16, 1966, and defendant, its officers, agents and employees shall do all acts necessary and proper to facilitate and consummate said sale in accordance with the said agreement as amended, subject to the following conditions:

(a) Plaintiff shall reimburse the defendant for such losses, if any, as were incurred by defendant in good faith in the operation of said station KTRG-TV, from and including the date of the filing of the FCC Examiner's decision (July 27, 1967), to and including September 15, 1967, as such losses shall be agreed upon by the parties or, if they cannot agree by September 30, 1967, as shall be found by the Court upon proper showing upon motion of either party;

(b) In the event of an appeal or appeals from this judgment, the Court, in the light of the final results of such appeal or appeals, reserves jurisdiction to further weigh the equities herein and to modify the conditions hereinabove set forth as may appear just and equitable.

3. The defendant's counterclaim is hereby dismissed.

4. Each party shall bear its own costs.