**HAWAIIAN PARADISE PARK CORPO-RATION, Plaintiff,**

v.

**A. Harry BECKER, Defendant.**

**Civ. A. No. 3042-67.**

United States District Court,
District of Columbia.

July 8, 1970.

William O. Bittman, Washington, D. C., for plaintiff.

Richard W. Galiher, Robert E. Sher, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GESELL, District Judge.

This is a malpractice suit. Defendant Becker is a local attorney who was retained by plaintiff Hawaiian Paradise Park Corporation (hereinafter referred to as HPP). In 1966, HPP entered into a contract to sell a TV station which the buyer assigned to Friendly Broadcasting Co., Inc. (hereinafter referred to as Friendly). Becker acted as attorney for HPP in transactions with Friendly and before the Federal Communications Commission, which held hearings on the transfer of the TV station. HPP claims, among other things, that Becker, in breach of his fiduciary obligation, negligently and without authority granted Friendly an extension of the TV sales contract, thus depriving HPP of an opportunity to sell the TV station to an alleged higher bidder. Becker has moved for partial summary judgment, claiming that HPP is collaterally estopped from challenging his authority to act for HPP inasmuch as it has been determined in litigation between Friendly and HPP that Becker had both actual and appar-

ent authority to grant the extension in issue. This motion was fully briefed and argued.

The prior litigation is reported: Friendly Broadcasting Co. v. Hawaiian Paradise Park Corp., 282 F.Supp. 464 (D.Hawaii, 1967); affirmed, 414 F.2d 750 (9th Cir. 1969). The Court has reviewed the findings of fact and conclusions of law filed by the learned District Judge, and in addition has read the trial transcript and the informal remarks of the Judge made from the bench at the conclusion of the testimony. While the Trial Judge indicated in the prior litigation that he was not expressing a view on any liability which Becker may have to HPP (a matter discussed more fully below), specific performance under the sales contract was granted Friendly on the ground that Becker had express, implied and apparent authority to execute the extension of the contract, thus barring HPP's right to terminate it before the favorable F.C.C. action which eventually ensued.

Becker was a witness in the prior action, not a party. He was not only a stranger to the prior judgment but it would have been extremely difficult, if not impossible, to join him in the action under the circumstances then prevailing. Thus, HPP was cast in the role of defendant, in a forum it did not select, and held to trial at equity without a jury.

While the trend of modern cases has been to make the doctrine of collateral estoppel more flexible, its traditional purpose, to prevent relitigation of issues, remains the same. Recently courts have expanded the previously strict concepts of res judicata that had governed collateral estoppel and have focused upon whether the party against whom estoppel is invoked had a "fair and full opportunity to prove a claim." Lober v. Moore, 135 U.S.App.D.C. 146, 417 F.2d 714 (1969). The party against whom estoppel is attempted to be asserted here was a defendant in the prior action and not in privity with movant. While this obvious absence of mutuality does not completely bar application of the doctrine of collateral estoppel, it places a heavy burden on movant. The more flexible the developments in collateral estoppel become, the more discretion is necessarily placed in the trial court. On summary judgment, particularly the party against whom the doctrine is asserted defensively is entitled to all favorable inferences. There are a number of factors which run in HPP's favor here.

Not only was the prior action nonjury, unlike the present case, but the primary significance of Becker's apparent authority in dealing with Friendly which that case made paramount may well have prevented a full review of all circumstances surrounding the lawyer-client relations between Becker and HPP. In the present suit, for example, the precise circumstances under which Becker obtained whatever authority he may have had becomes crucial and this was not fully developed at the previous trial.

In any event, the basic reason for applying the doctrine of collateral estoppel, to prevent relitigation, is absent here. The case must be tried on other closely related issues in any event. One of the matters placed in issue in the present suit, for example, is the propriety of Becker's conduct in advising HPP that it could legally terminate and do business with a third party in the face of Becker's previous formal extension of the contract with Friendly, although this extension, which was apparently not fully disclosed to HPP, was still in full force and effect. The entire course of the dealings between HPP and Becker must be presented to the jury from the beginning to give essential background facts relating to the propriety of Becker's opinion authorizing HPP to terminate. This was a matter that was only collateral in the prior litigation but which is now brought into direct focus by the allegations of the complaint. Thus, there is some doubt that HPP had a full and fair opportunity to litigate all relevant aspects of Becker's conduct and, in any event, much of the testimony

would have to be taken again to cover other aspects of the claimed malpractice not barred by collateral estoppel.

A still further obstacle to application of collateral estoppel exists. The District Court in the prior litigation in several ways clearly indicated that he did not intend to foreclose action by HPP against Becker. In his oral ruling the Judge indicated:

"I hold that the December 16 agreement was an amendment to the basic agreement, that it did bind the seller notwithstanding anything that may have happened between Mr. Becker and his client; and, if it did, if it caused any trouble between them or any liability, that is Mr. Becker's lookout, not this Court's." (Tr. p. 17)

"Now, if there has been anything taken advantage of Mr. Watumull's group by Mr. Becker, he has his remedy against Mr. Becker, but that is neither here nor there. I don't have to make any decision along that line." (Tr. p. 21).

"If Mr. Watumull feels that a fraud has been committed upon him, he is relegated to his remedy to his counsel. This Court is not going to go into it because, as I say, it wasn't raised * * *" (Tr. pp. 22–23).

The Court also underlined his consciousness that issues raised in the present suit were not then before him by two *conclusions of law accompanying his findings*, which read as follows:

"15. Fraudulent acts by Plaintiff, its attorneys, and/or Mr. Becker have not been raised in the pleadings; nor has the Defendant claimed that any fraud was committed upon it. Accordingly, any question of fraud vitiating any of Mr. Becker's acts will not be looked into.

"16. If Mr. Becker did any wrong, or if he failed to properly communicate with Defendant and one of two parties must suffer because of his acts or omissions, then the Defendant, the party that gave him the means in which to act or omit the act, must bear the consequences of his wrongful or improper acts or omissions."

Defendant Becker's motion for partial summary judgment is denied. This case is set for trial October 16, 1970, at 9:30 a.m. A pretrial is set for July 15, 1970, at 9:30 a.m.

Counsel shall submit an appropriate order.