THIRTY PINES, INC. *v.* FRED BERSAW.

*Willoughby A. Colby*, for the plaintiff.

*James L. Sullivan*, for the defendant.

BURQUE, J.    The principle of law governing this case is enunciated in *McNamara* v. *Chapman*, 81 N. H. 169.    It having been admitted in the original case that defendant was an employee of the baking company, and was acting within the scope of his authority, plaintiff, having elected to sue the employer in the first place, cannot now maintain a second suit for the same cause of action against the employee.    The matter in issue was fully tried in the original case, and cannot now be retried.    Plaintiff having seen fit to elect bringing its suit against the employer instead of against the employee, or both, as it might well have, is bound by its election.    This is too well recognized as an established principle of law, not only in this state, but in other jurisdictions, to merit further elucidation.    The *McNamara* case is reported as authority therefor in 31 A. L. R. 188. The annotation thereto (*p.* 194) headed: "Judgment for or against master in action for servant's tort as bar to action against servant" reviews the authorities, and in so far as the facts are comparable to

the present ones, they agree with the *McNamara* case. See also 116 A. L. R. 604 where the *McNamara* case and others are cited. With slight variation in the statement of facts pertaining to this case, the *McNamara* decision could be written as the opinion in the instant case.

It cannot be doubted that if the original action had been against the employee, and a verdict in his favor had been rendered and judgment entered thereon, suit could not thereafter be brought against the employer. The negligence of the servant is the issue; if absolved, the employer is absolved. Likewise in a suit against the employer, the negligence of the employee is also the issue; what renders the liability of the employee that of the employer is the principle of control and direction. *McCarthy* v. *Souther*, 83 N. H. 29, 36, 37. Other authorities supporting those above cited are to be found collected in the annotations, 133 A. L. R. 196; 112 A. L. R. 404.

The only argument plaintiff can advance as a right to maintain this action is that certain evidence to be elicited from the defendant in this case against the employee was not admissible in the case against the employer, and that is a claim of admission of liability on the part of this defendant in the form of an agreement to pay for the damages. Having made his election, plaintiff assumed the chance of variation of evidence in the action brought from that in the other action if it had been brought.

*Judgment for the defendant.*

All concurred.