Joseph A. **ROLLINS** and Lillian R. Rollins, Appellants,

v.

**DISTRICT OF COLUMBIA, A Municipal Corporation, Appellee.**

No. 14463.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1959.

Decided Feb. 12, 1959.

---

Mr. David S. Allshouse, Washington, D. C., for appellants.

Mr. Richard W. Barton, Asst. Corp. Counsel for the Dist. of Columbia, with whom Mr. Chester H. Gray, Corp. Counsel, Mr. Milton D. Korman, Principal Asst. Corp. Counsel, and Mr. Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Mr. Ted D. Kuemmerling, Asst. Corp. Counsel, also entered an appearance for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and BURGER, Circuit Judges.

PRETTYMAN, Chief Judge.

This is an appeal from a summary judgment in a civil action for damages.

Appellant Joseph A. Rollins was injured when his automobile, which he was driving, struck the supports of the South Capitol Street Bridge. The District of Columbia claimed that the supports to the bridge were also damaged. The District therefore sued Mr. Rollins in the Municipal Court, and the case was tried on the merits. The District was awarded judgment for $115.76. That judgment was paid.

Later Mr. Rollins and his wife, our present appellant Lillian R. Rollins, filed a civil action against the District of Columbia in the District Court. The basis of the suit was that the accident was caused by negligent failure to maintain the bridge in safe condition. Mr. Rollins sought $100,000 damages for the destruction of his automobile and for personal injuries. Mrs. Rollins sought an additional $50,000 damages for the loss of her husband's consortium resulting from his injuries. The District of Columbia moved for summary judgment, on the ground that the question of negligence as the cause of the accident had been adjudicated by the Municipal Court, that that court had found Mr. Rollins to have been negligent, and that therefore the issue of negligence was *res judicata*. The District maintained that Mr. Rollins's negligence was fatal to the causes of action. The District Court granted the motion.

We agree wtih the District Court in so far as Mr. Rollins is concerned. The Municipal Court had jurisdiction over the suit before it, and the issue of Mr. Rollins's negligence was involved in that action and was decided by the court. Mr. Rollins's present predicament would have been avoided, as we indicated in Smith v. Leigh,[1] if, before the Municipal Court rendered its judgment against him, he had proceeded promptly to file in the District Court his action on account of injuries.[2]

We do not agree with the action of the District Court in respect to Mrs. Rollins. She was not a party to the action in the Municipal Court, and so the judgment there could not result in *res judicata* as

---

1. 101 U.S.App.D.C. 225, 248 F.2d 85 (1957).

2. The pertinent dates are: The accident occurred on January 13, 1955; the suit in the Municipal Court was filed December 7, 1956; the judgment of the Municipal Court was rendered June 26, 1957; the suit in the District Court was filed by Mr. and Mrs. Rollins January 9, 1958.

to her. Her right to damages for the loss of consortium of her husband was a right belonging to her, separate and apart from any right of her husband to compensation for personal injuries.[3] Therefore the judgment of the District Court, granting the District of Columbia summary judgment against her, must be reversed.

Affirmed in part and reversed in part.

3. Lansburgh & Bro. v. Clark, 75 U.S.App. D.C. 339, 127 F.2d 331 (D.C.Cir., 1942); Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366 (D.C. Cir., 1950), certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950); Smither and Company, Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220 (D.C. Cir., 1957), certiorari denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129 (1957).