**Marian SPECTOR, a single woman,
Appellant,**

v.

**EL RANCO, INC., a Nevada corporation,
Appellee.**

**No. 15209.**

United States Court of Appeals
Ninth Circuit.

Jan. 28, 1959.

Rehearing Denied March 30, 1959.

144

Edward B. Freed, Inglewood, Cal., for appellant.

Morse, Graves & Compton, Las Vegas, Nev., for appellee.

Before HEALY and CHAMBERS, Circuit Judges, and JAMESON, District Judge

HEALY, Circuit Judge.

In this action appellant sought to recover damages from appellee El Ranco, Inc., hereafter generally referred to as the Hotel, and one Herbert Graham, an employee thereof, because of injuries suffered while a guest of the former. The case was tried to a jury, which returned a verdict in favor of the Hotel.

It appears that there was a wash pool in the vicinity of a concrete walkway leading to a dining room of the Hotel, and it was the latter's practice each morning to have the walkway washed down. On appellant's way to the dining room she slipped and fell in one of the puddles on the pavement, injuring herself and aggravating an existing heart condition. From appellant's own testimony it is clear that she was aware that the walkway was wet and that she saw the puddles and was carefully attempting to walk between them at the time of her fall.

In addition to appellee El Ranco, appellant had named as defendants a series of fictitious persons, Does and Roes, alleged to be unknown to her. In the course of the proceeding it was stipulated that the above named Graham be made a party defendant, and an alias summons was thereafter served upon him. The order on Pre-Trial Confer-

ence which followed did not name Graham as a party, but it dismissed all fictitious parties.

■■ Later on Graham moved to dismiss the action as against himself, and his motion was granted. Appellant undertook to appeal this dismissal in forma pauperis, but her petition was denied by the trial court as not made in good faith. The order of dismissal was not appealable when it was made, and appellant has raised the point here. However, Graham's dismissal would appear to present a purely moot question. Where, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other. Consult 30A Am.Jur. § 430 and authorities cited. Since there was a verdict and judgment in favor of the Hotel as Graham's principal, Graham was entitled to raise this judgment as a bar to appellant's action as against him.

Turning to another subject, one of plaintiff's complaints advanced at the trial was that the Hotel had negligently given her accommodations in such a location that she was forced to take the path which she did. To impose this duty toward her upon the Hotel, appellant attempted to show that the manager learned of her heart condition at the time she made her telephone reservation. The trial court declined to admit evidence of this conversation, and appellant urges that the refusal was error.

■ Appellant cites as sustaining her argument the many cases found in the annotation at 124 A.L.R. 1428 for the proposition that when a proprietor has knowledge of an abnormal physical condition of a business invitee a higher standard of care is placed upon him. However, all of the cases cited concerned carriers, and all arose when the railroad induced or forced an intoxicated or infirm person to alight at a hazardous location. In the case at bar there was no evidence, nor was any evidence offered, to show that the Hotel could reasonably have foreseen that in giving appellant the accommodations which it did, the risk to one of her physical makeup would be increased. The evidence was correctly excluded.

■ Appellant contends that the trial court erred in not permitting the use of Graham's deposition in its entirety, and in not permitting the interrogation of Graham as a hostile witness. Whether or not these rulings constituted error depends on whether Graham was a "managing agent" of appellee under Rules 26 (d) (2) and 43(b), Federal Rules of Civil Procedure, 28 U.S.C.A. It is clear that Graham was not a "managing agent", hence there is no error. The case of Rubin v. General Tire & Rubber Co., D.C.N.Y.1955, 18 F.R.D. 51, cited by appellant, is distinguishable. In that case the "managing agent" negotiated contracts and participated in management conferences. Graham participated in one such conference, but his only function was the maintenance of the hotel's property, and in this capacity he had three echelons of administrators above him. Moreover, appellant does not say what additional probative evidence Graham's deposition would add, and from the transcript it is clear that the trial court permitted appellant's counsel the widest latitude in examining Graham.

■ The trial court permitted the jury to take a view of the hotel's walkway upon which appellant slipped and fell. Two days before the jury went out, Graham had the walkway washed down with alkali, as was customary at that time of year, for the purpose of cleaning it and making it less slippery. This fact was not discovered until the conclusion of the defendant's case. The court permitted appellant to reopen her case and elicit from Graham the fact that some change had been made in the concrete. Appellant now complains that the court should have permitted Graham to testify to exactly what type of change took place as a result of the alkali wash-

down. The court's action was well within its discretion to limit irrelevant testimony. The jury view took place over five years after appellant's accident. Because of this interval the effect of weather and many previous washings had so changed the nature of the concrete surface that the probative value of the jury view is questionable in the first place. Further, there was the testimony of three expert witnesses as to the roughness or smoothness of the concrete at the time of the accident. There was ample evidence from which the jury could determine the condition of the concrete, and the jury was sufficiently apprised of changes which had taken place.

Numerous other errors are assigned, but we see no merit in any of them.

The judgment is affirmed.