**Joseph F. KINSLEY, Appellant,**

v.

**S/Sgt. Mark MARKOVIC, Appellee.**

**No. 9380.**

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1964.

Decided June 16, 1964.

Temple W. Seay, Washington, D. C. (Giangreco & Seay, and A. Andrew Giangreco, Alexandria, Va., on brief), for appellant.

Fred C. Alexander, Jr., Alexandria, Va. (Boothe, Dudley, Koontz & Blankingship, Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and HEMPHILL, District Judge.

PER CURIAM:

This tort-plaintiff, who lost on the merits in his effort to recover a judgment against a taxicab company, sought a

second try at the pot of gold by bringing an action against the taxicab driver by virtue of whose alleged negligent conduct the plaintiff claims to have suffered injury to his thumb. The District Judge dismissed the action as foreclosed by the principle of res judicata and refused to allow the plaintiff to amend his complaint to allege that the driver of the taxicab was an independent contractor and not a servant of the company. We affirm.

The plaintiff's thumb was injured when the door of the taxicab from which he was alighting was closed upon it. He brought an action in a Virginia state court against the taxicab company, alleging that the injury was the result of negligent conduct of the driver and that the company was responsible for the damages suffered as a consequence of the acts of its servant. The defending company there denied fault on the part of its driver, but interposed no defense based upon the relation between it and the driver. The case was tried on the merits. At the conclusion of the trial, judgment was entered for the defendant by direction of the Court upon the ground that the evidence did not disclose any want of due care on the part of the taxicab driver.

Thereafter, the plaintiff filed this action in the District Court against Markovic, the taxicab driver, whose conduct had constituted the basis of the substantive issue tried in the state court proceedings. He had not been named as a defendant in the state court action, but he moved to dismiss this action on the ground that the state court judgment for his employer is res judicata.

After a hearing on the motion to dismiss and when the Court was about to grant the motion, as obviously it was required to do, the plaintiff sought leave to amend the complaint to allege that Markovic was not a servant of the company but an independent contractor. Leave to amend was denied and this appeal followed.

Clearly, refusal of leave to amend under those circumstances was within the discretion of the District Judge. Allowance of the amendment could have served no useful purpose whatever. An allowance of the amendment might have avoided the technical plea of res judicata, but could not have removed this case from the bar of the principle of estoppel by judgment. The substantive issue of liability had been fully tried and fully litigated in the state court, and the judgment of the trial court had been allowed to become final without an appeal. A switch by the plaintiff now to allege that the driver was an independent contractor, not a servant of the company as the plaintiff alleged in the state court action, cannot remove the case from the rule of estoppel by judgment. The plaintiff has had his day in court. The substantive issue of Markovic's alleged fault as the proximate cause of the plaintiff's injury has been fully tried and determined. The plaintiff is not entitled to have it tried afresh. The complaint was properly dismissed without leave to amend.

Affirmed.