**Virginia SMITH et al., Appellants,**

v.

**John Wesley HOOD and Diplomat Cab Company, Inc., Appellees.**

**No. 21399.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 7, 1968.

Decided May 1, 1968.

Mr. Clement Theodore Cooper, Washington, D. C., for appellants.

Mr. Vaden S. Pitts, Washington, D. C., with whom Mr. Donald D. Wike, Washington, D. C., was on the brief, for appellees.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

This is an appeal from an order granting summary judgment and dismissing a wrongful death action brought by appellant (plaintiff), claiming that defendants' negligence caused the accident and the death of plaintiff's late husband. Plaintiff, administratrix of the estate filed this action in her own behalf and in behalf of their children. The deceased died of a cerebral hemorrhage within forty-eight hours after his automobile collided with the taxicab driven by defendant Hood and owned by defendant Diplomat Cab Co. The car was going at a very low speed, and the circumstances indicate that decedent may have independently suffered a stroke while at the wheel.

Summary judgment was granted defendants on the ground that natural causes, and not the automobile accident, were judicially determined to have been the cause of death in the action unsuccessfully brought by plaintiff to collect

as beneficiary of an "industrial accident" insurance policy owned by decedent, and payable if the insured "sustained bodily injury solely through external, violent and accidental means, resulting directly and independently of all other causes [in his death]" Smith v. Peoples Life Insurance Co., 222 A.2d 253 (D.C.Ct. of App.1966). She was therefore held collaterally estopped from relitigating the cause of death, despite the absence of mutuality of estoppel.

 We reverse and remand for further proceedings. The action before us includes a wrongful death action by plaintiff suing in a representative capacity in behalf of her children. 16 D.C.Code §§ 2701, 2702.[1] These children were not parties to the action against the insurance company, as their mother was the sole beneficiary under the policy. Their rights in this action are not derived from the rights of their mother. Indeed, it is not requisite under the statute that she be the personal representative in whose name the action for their benefit lies. Consequently, in an action not based on the insurance policy, their representative should not be barred from establishing that defendants' negligence cause their father's death. While the doctrine of collateral estoppel may be in flux, with a trend towards barring relitigation of an issue by a one-time loser, there has at least as yet been no undercutting of the principle that a person whose rights were not at issue in a prior proceeding is not collaterally estopped by the judgment therein.[2]

Because further proceedings are required in this action in any event, we need not decide whether collateral estoppel bars recovery from accruing to the benefit of appellant as surviving spouse. Therefore, we do not consider whether the decision in Smith v. Peoples Life Insurance Co., supra, provides collateral

1. The complaint does not specifically say whether the action by plaintiff as administratrix is in part for her own behalf, but assuming that it is, it is also in behalf of her children at least in part.

2. See, e. g., Makariw v. Rinard, 336 F.2d 333 (3d Cir. 1964). The principal exception is the expansion of the binding effect of judgments in class actions under Rule 23, as amended, on absent members of the class. In that situation the court must take appropriate steps to ensure fairness to the absentees, and to give them the best notice practicable.

estoppel in view of the phrasing of the insurance policy, and the effort of a non-party to assert the estoppel. Both of these issues may be mooted, e. g., by failure to establish negligence causing death. In any event, as already noted, there could be no estoppel prohibiting a jury award to the extent it allocated damages to the account of the children.[3]

Reversed.