**Blanche H. LOBER, Appellant,**

v.

**Willis MOORE, Appellee.**

No. 21830.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 18, 1968.

Decided March 18, 1969.

Mr. Roland D. Hartshorn, Springfield, Va., for appellant.

Mr. William Clague, Washington, D. C., with whom Mr. Francis C. O'Brien, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

On December 18, 1964, appellant sustained personal injuries within the District of Columbia while riding as a paying passenger in a taxicab owned by Arlington Yellow Cab Company, Inc. (Arlington) and operated by Willis Moore, the appellee. Appellant thereafter sued both Arlington and appellee in the Circuit Court of Arlington County, Virginia, for damages on account of those injuries.[1] Appellee, however, was not served with process in that suit, and his only appearance therein was as a witness at the trial.[2] The jury, to which the case was tried, returned a verdict in Arlington's favor, and the court entered judgment in conformity with the verdict.

Several months later, appellant instituted an action in the District Court for the District of Columbia against appellee, as the sole defendant, seeking damages for the same injuries. Among the defenses appellee asserted by his answer was the claim that in consequence of the Virginia judgment the matter was res judicata.[3] Appellee later moved for summary judgment on that ground and the District Court granted the motion,[4] and from that disposition appellant took this appeal. The record before us includes the pertinent parts of the record made in the Virginia litigation, authenticated to enable their consideration here.[5]

In both of her suits, appellant charged that appellee negligently failed to seasonably observe the signal of an officer directing traffic at an intersection, and so suddenly applied his brakes as to throw appellant from the back seat of the taxicab, thereby causing her injuries. The only essential differences between the two actions arose from the exigencies of respondeat superior which, of course, preconditioned Arlington's liability in the Virginia case. In perfect harmony with appellant's allegations, however, the Virginia court instructed the jury that at all relevant times appellee was Arlington's employee and was acting within the scope of his employment,[6] thus removing the differences from the jury's purview. And as a District of Columbia trial court presumably would have done, the Virginia court submitted to the jury the question of appellee's negligence, on that subject instructing that a verdict for appellant should be returned if the evidence led to the belief that appellee was negligent and that his negligence was a proximate cause of appellant's injuries.[7] In this fashion, the two issues of controlling significance in either jurisdiction—appellee's negligence and its causal relationship to appellant's injuries—were resolved against appellant in the Virginia suit.[8]

Despite these awkward circumstances, appellant contends that the Virginia judgment in favor of Arlington, the employer, constituted no impediment to her action in the District against appellee, the em-

1. Lober v. Arlington Yellow Cab Co., Law No. 11012.

2. See note 11, *infra*.

3. See Fed.R.Civ.P. 8(c).

4. See Fed.R.Civ.P. 56. There was no factual issues. See note 5, *infra*.

5. See 28 U.S.C. § 1738 (1964). Since the records from the Virginia court and the District Court speak for themselves, the facts engendering the problem presented have never been in controversy.

6. We note that the pleadings and findings in both actions establish the relationship between appellee and Arlington as one of employment rather than independent contracting.

7. The record discloses that the Virginia court did not submit an issue of contributory negligence to the jury, apparently because the evidence did not warrant it. In the view we take of the case, there would be no difference in result if the court had.

8. See note 31, *infra*.

ployee. Appellant refers us to the established rule that a judgment operates against only the parties and their privies,[9] and to the oft-repeated statement that mutuality in its operation on both parties currently in litigation is prerequisite to any bar against either.[10] These propositions, appellant continues, are incorporated into the case law of Virginia and, she urges, afford the governing criteria here.

■ So it is that on these premises appellant urges that appellee was neither party to the Virginia judgment [11] nor privy to Arlington,[12] and that the judgment, lacking force as to appellee, did not preclude the action brought in the District. From our own research we find, however, that the prevailing American legal doctrine,[13] and the Virginia law [14] as well, are inconsistent with that position. Without need, then, for a choice between the two as the decisional basis in this case, we affirm the District Court.[15]

**I**

As our past decisions fully recognize, a judgment does not impose an obligation upon a stranger; for reasons of fundamental fairness and perhaps of due process as well, it binds only those who are parties or who are in privity with parties to it.[16] But the considerations are very different where, as here, the judgment is invoked defensively against a party or his privy who is reasserting essentially the same cause of action against a different person. Manifestly "[t]his second effort to prove negligence is comprehended by the generally accepted precept that a party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time." [17] And to countenance impingement upon that precept "would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to re-open and re-try all the old issues each time he can obtain a new ad-

9. See generally 1B J. Moore, Federal Practice ¶ 0.411 (2d ed. 1965); 1 A. Freeman, Judgments § 407 (5th ed. 1925).

10. See generally 1B J. Moore, Federal Practice ¶ 0.412 (2d ed. 1965); 1 A. Freeman, Judgments §§ 428–429 (5th ed. 1925).

11. So limited a participation in the Virginia proceeding as was appellee's appearance as a witness did not bind him to the result to follow therein. Thaxton v. Vaughan, 321 F.2d 474, 479 (4th Cir. 1963).

12. See generally 1B J. Moore, Federal Jurisdiction ¶ 0.411 (2d ed. 1965); 1 A. Freeman, Judgments §§ 438, 469–479 (5th ed. 1925). See also Jefferson School of Social Science v. Subversive Activities Control Board, 118 U.S.App.D.C. 2, 9, 331 F.2d 76, 83 (1963).

13. Pt. I, *infra.*

14. Pt. II, *infra.*

15. On this appeal we deal with the effect, not of a judgment rendered within the District, but with one pronounced by a court of a sister jurisdiction, and our disposition is consistent with Virginia law. See pt. II, *infra.* For this reason, we need not consider the implications of the

Full Faith and Credit Clause of the Constitution, art. IV, § 1, the rule of which by implementing legislation, 28 U.S.C. § 1738 (1964), is extended to federal as well as state courts, Davis v. Davis, 305 U.S. 32, 40, 59 S.Ct. 3, 83 L.Ed. 26 (1938), including the courts of the District of Columbia. *E. g.*, Loughran v. Loughran, 292 U.S. 216, 228, 54 S.Ct. 684, 78 L.Ed. 1219 (1934); Operative Plasterers' & Cement Finishers' Int'l Ass'n v. Case, 68 App.D.C. 43, 49, 93 F. 2d 56, 62 (1937). And see Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 132–142, 32 S.Ct. 641, 56 L.Ed. 1009 (1912); Reiter v. Universal Marion Corp., 112 U.S.App.D. C. 68, 71, 299 F.2d 449, 452 (1962).

16. Rollins v. District of Columbia, 105 U. S.App.D.C. 155, 156–157, 265 F.2d 347, 348–349 (1959); Draisner v. Liss Realty Co., 97 U.S.App.D.C. 77, 79, 228 F.2d 48, 50 (1955); Gauss v. Kirk, 91 U.S. App.D.C. 80, 83, 198 F.2d 83, 86, 33 A.L.R.2d 1085 (1952); Lansburgh & Bro., Inc. v. Clark, 75 U.S.App.D.C. 339, 340–341, 127 F.2d 331, 332–333 (1942).

17. Bruszewski v. United States, 181 F.2d 419, 421 (3d Cir.), cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950).

versary not in privity with his former one."[18] So it is not at all surprising to find a growing number of well considered cases holding that irrespective of privity among defendants and despite nonmutuality in the operation of the judgment's estoppel, a prior adjudication may be used to resist resurrection of the old cause of action against a new defendant.[19]

Especially in these times when all courts, including our own, are struggling with crowded and growing dockets, we are sensitive to the persuasive force of these precedents and the cogent reasons underlying them. And our own jurisprudence leaves us free to pursue a similar course, for the rule of mutuality, which frequently has appeared as something of an obstacle elsewhere, is not embedded in the decisions of this court. On the contrary, without so much as a hint that mutuality was a problem, we have sometimes permitted nonparties to judgments to assert their binding effect against those who were parties to it. In Fletcher v. Evening Star Newspaper Company,[20] we deemed orders of disbarment conclusive on the fact of disbarment in the disbarred attorney's libel action against a newspaper that had published

that fact.[21] Similarly, in De Bobula v. Gross,[22] we held that a judgment awarding landlords the possession of a leased apartment on testimony that they needed it for personal use established the truth of that testimony in favor of nonparties to the eviction action who were sued with the landlords for conspiracy to evict the tenant by adducing false testimony. And quite recently, in Smith v. Hood,[23] we noted "a trend towards barring relitigation of an issue by a one-time loser,"[24] and left open the question whether a judgment against a mother suing as beneficiary on an insurance policy covering accidental injuries precluded her recovery as a statutory beneficiary in an action for the insured's wrongful death.[25]

We need not, however, enter the debate on the relative merits of mutuality and nonmutuality,[26] or explore the question whether either deserves exclusivity in this jurisdiction. For mutuality is not ironbound in the law of res judicata but, like so many other broad legal concepts, is subject to well defined exceptions. One such exception obtains where a defendant's responsibility is derivative or secondary and it has been judicially determined that the situation is lacking in one or more of the condi-

---

18. Coca-Cola Co. v. Pepsi-Cola Co., 6 W. W.Harr. 124, 36 Del. 124, 172 A. 260, 263 (Del.Super.1934).

19. See, e. g., Bernhard v. Bank of America Nat'l Trust & Savs. Ass'n, 19 Cal.2d 807, 122 P.2d 892 (1942); Coca-Cola Co. v. Pepsi-Cola Co., supra note 18; Good Health Dairy Prods. Corp. of Rochester v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401 (1937); Crosland-Cullen Co. v. Crosland, 249 N.C 167, 105 S.E.2d 655 (1958). See also Lustik v. Rankila, 269 Minn. 515, 131 N.W.2d 741 (1964).

20. 72 App.D.C. 303, 304, 114 F.2d 582, 583 (1940), cert. denied 312 U.S. 694, 61 S.Ct. 732, 85 L.Ed. 1130 (1941).

21. "Our previous decisions are not technically res judicata as between appellant and appellee, since the latter was not a party to any of the prior proceedings. But those determinations are conclusive

against appellant, unless we are now to repudiate what we have done repeatedly and consistently whenever the issues involved in them have been raised." Id. at 304, 114 F.2d at 582.

22. 90 U.S.App.D.C. 28, 193 F.2d 35 (1951).

23. 130 U.S.App.D.C. 43, 396 F.2d 692 (1968).

24. 396 F.2d at 693.

25. See also Di Silvestro v. Gray, 90 U.S. App.D.C. 184, 194 F.2d 355, cert. denied 343 U.S. 930, 72 S.Ct. 765, 96 L.Ed. 1340 (1952).

26. See Currie, Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine, 9 Stan.L.Rev. 281 (1957); von Moschzisker, Res Judicata, 38 Yale L.J. 299 (1929); 1B J. Moore, Federal Practice ¶ 0.412 [1] at 1809–1812 (2d ed. 1965).

tions giving rise to it.[27] Consequently it is settled that a judgment exonerating a servant or agent from liability bars a subsequent suit on the same cause of action against the master or principal based solely on respondeat superior.[28] And conversely, it is the prevailing rule in the federal [29] and the state [30] courts that a judgment excusing the master or principal from liability on the ground that the servant or agent was not at fault forecloses a subsequent suit against the latter on the same claim.

■ The case at bar falls clearly within this exception. In the Virginia action, against appellee's employer, the circumstances generating a potential vicarious responsibility were judicially determined, and the verdict and judgment adverse to appellant negated at least one essential element of actionable negligence on appellee's part. In the District action, appellant pressed an identical claim of negligence, this time against appellee himself.[31] We hold that the negligence issue on which appellant was proclaimed the loser by the adjudication there could not be subjected to relitigation here.

## II

■ Turning now to the Virginia law, we find consistent allegiance to the principle that res judicata bears only on parties to the judgment in their privies,[32] and considerable discussion as to the need, in terms of conclusiveness of the judgment, for mutuality in its operation.[33] Nonetheless, we are unable to dis-

27. See the discussion in 1B J. Moore, Federal Practice ¶¶ 0.412 [3], 0.412 [5]–[7] (2d ed. 1965).

28. Carroll v. Hubay, 272 F.2d 767 (2d Cir. 1959); Portland Gold Mining Co. v. Stratton's Independence, Ltd., 158 F. 63, 16 L.R.A.,N.S., 677 (8th Cir. 1907); King v. Stuart Motor Co., 52 F.Supp. 727 (N.D.Ga.1943); Carter v. Public Serv. Gas Co., 100 N.J.L. 374, 126 A. 456 (1924); Taylor v. Denton Hatchery, Inc., 251 N.C. 689, 111 S.E.2d 864 (1960). See also Charles H. Duell, Inc. v. Metro-Goldwyn-Mayer Corp., 128 Cal. App. 376, 17 P.2d 781 (1932); Overstreet v. Thomas, 239 S.W.2d 939 (Ky.1951); Brobston v. Burgess and Town Council of Borough of Darby, 290 Pa. 331, 138 A. 849, 54 A.L.R. 1285 (1927).

29. Adriaanse v. United States, 184 F.2d 968 (2d Cir. 1950), cert. denied 340 U.S. 932, 71 S.Ct. 495, 95 L.Ed. 673 (1951); Bruszewski v. United States, *supra* note 17; Kinsley v. Markovic, 333 F.2d 684 (4th Cir. 1964); Mooney v. Central Motor Lines, 222 F.2d 572 (6th Cir. 1955); Spector v. El Ranco, Inc., 263 F.2d 143 (9th Cir. 1959).

See also Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917), holding that a wholly-owned corporation acting as sales agent and its manager were in such privity with the parent corporation that they could assert the bar of a judgment exonerating the parent corporation from a claim of patent infringement.

30. Davis v. Perryman, 225 Ark. 963, 286 S.W.2d 844 (1956); Emery v. Fowler, 39 Me. 326, 63 Am.Dec. 627 (1855); Giedrewicz v. Donovan, 277 Mass. 563, 179 N.E. 246 (1932); Myhra v. Park, 193 Minn. 290, 258 N.W. 515 (1935); Thirty Pines, Inc. v. Bersaw, 92 N.H. 69, 24 A.2d 500 (1942); Mackey v. Frazier, 234 S.C. 81, 106 S.E.2d 895 (1959).

31. If it were possible that the employer's exoneration by the Virginia judgment came in consequence of a finding that the employee acted beyond the scope of his employment, the judgment would not merit conclusiveness here. Tighe v. Skillings, 297 Mass. 504, 9 N.E.2d 532 (1937). Our own cases wherein the party invoking the estoppel failed to show that the issue in question was decided in the prior action include Moore v. United States, 120 U.S. App.D.C. 173, 174–175, 344 F.2d 558, 559–560 (1965); Brown v. Brown, 74 App.D.C. 309, 310–311, 122 F.2d 219, 220–221 (1941); District of Columbia v. Selden, 63 App.D.C. 40, 41, 68 F.2d 988, 989 (1934).

32. *E.g.*, Gordon v. Board of Supervisors, 207 Va. 827, 153 S.E.2d 270, 274 (1967); Storm v. Nationwide Mut. Ins. Co., 199 Va. 130, 97 S.E.2d 759, 761–762, 69 A.L.R.2d 849 (1957); Pittston Co. v. O'Hara, 191 Va. 886, 63 S.E.2d 34, 42, appeal dismissed *sub nom.* Winn v. Pittston Co., 342 U.S. 803, 72 S.Ct. 38, 96 L.Ed. 608 (1951); Unemployment Compensation Comm. v. Harvey, 179 Va. 202, 18 S.E.2d 390, 393 (1942).

33. *E.g.*, Aetna Cas. & Sur. Co. v. Anderson, 200 Va. 385, 105 S.E.2d 869, 872–873 (1958); Ferebee v. Hungate, 192 Va. 32, 63 S.E.2d 761, 764 (1951); Pittston

cover a Virginia precedent squarely on the particular problem at hand, and the guidelines and trends reflected in Virginia's case law furnish ample basis for a comfortable estimate that the ultimate solution its highest court would reach would not differ from our own.

The requirement of mutuality has been formidable in the development of Virginia's res judicata doctrine, and in some decisions satisfaction of that requirement has been exacted in full measure.[34] Yet no more in Virginia than elsewhere has the rule of mutuality been absolute.[35] As in other jurisdictions, clear exceptions have been carved in favor of indemnitees,[36] including those with only derivative responsibility,[37] and a case-by-case approach to newly emerging res judicata problems is evident.[38] We discern in the Virginia cases, not a devotion to the principle of mutuality as an unbending dogma, but a recognition that the appropriateness of its application hangs on the relative strength of the policy considerations in competition.

Much more important—and in our view decisive—are the Virginia decisions disseminating the policy that one adverse litigative adventure on any one issue is enough for any one litigant.[39] In Eagle, Star and British Dominion Insurance Company v. Heller,[40] the leading Vir-

ginia case, it was held that the insured's conviction of wilfully burning a stock of goods with intent to injure his insurer barred recovery on a fire insurance policy covering the goods. Characterizing the case as one "in which a rigid adherence to a general rule and to some judicial expressions would be a reproach to the administration of justice." [41] the court reviewed numerous authorities and declared:

The true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not res judicata, or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be extended, so as to embrace within the estoppel of a judgment, persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity.[42]

Both before and after *Heller*, Virginia's highest court has articulated that decisional rationale,[43] and in 1964 the

---

Co. v. O'Hara, *supra* note 32, 63 S.E.2d at 42; Unemployment Compensation Comm. v. Harvey, *supra* note 32, 18 S.E. 2d at 393.

34. See the cases cited *supra* note 33.

35. See the excellent discussion of the doctrine of mutuality in the Virginia law on res judicata in Graves v. Associated Transport, 344 F.2d 894, 896–900 (4th Cir. 1965).

36. See, *e. g.*, Pickeral v. Federal Land Bank, 177 Va. 743, 15 S.E.2d 82 (1941).

37. See, *e. g.*, Ward v. Charlton, 177 Va. 101, 12 S.E.2d 791 (1941).

38. See the cases cited *supra* notes 33, 36–37 and *infra* notes 40–43. See also Graves v. Associated Transport, *supra* note 35, 344 F.2d at 897–898, 901–902.

39. See the cases cited *infra* notes 40–43.

40. 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490 (1927).

41. 140 S.E. at 315.

42. 140 S.E. at 318, quoting Jenkins v. Atlantic Coast Line R. R., 89 S.Ct. 408, 412, 71 S.E. 1010, 1012 (1911).

43. State Farm Mut. Auto Ins. Co. v. Wright, 173 Va. 261, 3 S.E.2d 187, 189 (1939); Town of Waynesboro v. Wiseman, 163 Va. 778, 177 S.E. 224, 226 (1934); Sawyer v. City of Norfolk, 136 Va. 66, 116 S.E. 245, 246 (1923).

It is noteworthy that in City of Richmond v. Davis, 135 Va. 319, 116 S.E. 492, 495 (1923), the court, quoting Emma Silver Mining Co. (Limited) v. Emma Silver Mining Co. of New York, 7 F. 401, 408 (C.C.S.D.N.Y.1880), said:

As regards the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be con-

Fourth Circuit applied it to a situation factually indistinguishable from the one that is now before us. In Kinsley v. Markovic,[44] a passenger in a taxicab sued its corporate owner in a Virginia court for personal injuries allegedly caused by the negligence of the driver, an employee. The taxicab company did not challenge the employment relationship, but won a directed verdict on the ground that the evidence did not disclose any negligence on the driver's part. The passenger then brought action in the District Court for the Eastern District of Virginia, which dismissed on grounds of res judicata.[45] In affirming, the Court of Appeals ruled that "[t]he plaintiff has had his day in court. The substantive issue of [the driver's] alleged fault as the proximate cause of the plaintiff's injury has been fully tried and determined. The plaintiff is not entitled to have it tried afresh." [46]

Even more recently, the Fourth Circuit had occasion to summarize its view on the same aspect of Virginia jurisprudence:

As we understand the law of the Commonwealth of Virginia, it is de-

signed to insure that every litigant has an opportunity to be heard on any appropriate issue in a court of law. However, the decisions of the highest court of Virginia convince us that the state also is anxious to insure that once a party has been afforded a chance to assert his claim, further litigation involving that claim is not to be permitted. The state has a legitimate interest in the *final* adjudication of legal disputes, and it is incumbent upon us in this case to give effect to that state policy.[47]

██ This appraisal coincides fully with our own. Appellant submitted her claim to a Virginia court, which pronounced judgment that the constituents of actionable negligence in the accident complained of were not proved. Under Virginia law, as we interpret it, that judgment foreclosed relitigation of the negligence issue in a Virginia court,[48] and independently of that consideration we have held, as a matter of District law, that the issue cannot be retried here.

cluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity. He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both.

44. *Supra* note 29.

45. After the court had heard the motion to dismiss, it denied the plaintiff leave to amend his complaint to assert the theory that the driver was an independent contractor. This ruling was sustained on appeal, where it was pointed out that although the technical plea of res judicata might have been circumvented thereby, the estoppel of the prior judgment would still have obtained. 333 F.2d at 685.

46. 333 F.2d at 685.

47. Graves v. Associated Transport, *supra* note 35, 344 F.2d at 901–902 (emphasis in original).

48. Appellant has contended that she was free to prosecute her suit against appel-

lee by virtue of Va.Code § 8–368 (1950) which provides:

A judgment against one of several joint wrongdoers shall not bar the prosecution of an action against any or all the others, but the injured party may bring separate actions against the wrongdoers and proceed to judgment in each, * * * and no bar shall arise as to any of them by reason of a judgment against another, or others, until the judgment has been satisfied. If there be separate judgments against different defendants for a joint wrong, the plaintiff shall elect which of them he will prosecute, but the payment or satisfaction of any one of such judgments shall be a discharge of all, except as to the costs.

The object of this section was to change the common law rule, which had obtained in Virginia, that a judgment against one of several joint tortfeasors; though unsatisfied, barred suit against any of the others. Under this provision, the bar does not fall until there is satisfaction. Fitzgerald v. Campbell, 131 Va. 486, 109 S.E. 308, 309, 27 A.L.R. 799 (1921); McLaughlin v. Siegel, 166 Va. 374, 185

The District Court's judgment is consonant with both conclusions, and is accordingly

Affirmed.

S.E. 873, 874–875 (1936). But in all the years since 1919, when the provision came into the law, it appears never to have served the function appellant claims for it, see the cases cited *supra* notes 30–33, and we cannot discern a purpose that it should do so.