Monteel B. WILLIS et al., Plaintiffs,

v.

Leslie Paul FOURNIER, Defendant.

Civ. A. No. 75–54–ALB.

United States District Court,
M. D. Georgia,
Albany Division.

Feb. 5, 1976.

Thomas William Malone, Del Percilla, Jr., Albany, Ga., for plaintiff.

Henry C. Custer, Perry Walters, Lippitt & Custer, Albany, Ga., for defendant.

OWENS, District Judge:

Plaintiff in this action seeks to recover damages as a result of the death of her husband in a collision between the automobile he was driving and a truck being driven by the defendant. The question in this case is whether the lawsuit is barred by a jury verdict adverse to her after a trial on the merits in this court in which the defendant's employer, Dallas Sheet Metal Works, Inc., was the defendant. *Willis v. Dallas Sheet Metal Works, Inc.,* Civ. Action No. 75–159–ALB. (M.D.Ga. Filed May 22, 1975). The answer to the question is affirmative, and the action is therefore ordered dismissed with prejudice.

In the trial of this case against the employer, the employer admitted that its truck driver, the defendant in this action, was acting within the scope of his employment at the time the collision occurred, and the jury was so instructed. Therefore, the only question for the jury to decide in that case was whether, because of the driver's conduct, the plaintiff was entitled to recover. Of necessity, the jury determined the only question involved in this case: the driver's negligence. The driver testified in that trial and could easily have been made a party without destroying diversity jurisdiction; the jury was qualified as to insurance, heard the case including a possible admission of fault by the driver, and rendered a verdict against the plaintiff.

Plaintiff asserts that the case of *Gilmer v. Porterfield,* 233 Ga. 671, 212 S.E.2d 842 (1975) authorizes her to relitigate this question. That case indisputably allowed a plaintiff who had achieved only partial success against the employer in a federal court suit to proceed against the employee—who had not been joined in the federal action because his joinder would have defeated diversity jurisdiction—in a state court. Unfortunately for the plaintiff, however, federal law is controlling in the instant matter and this case deciding a question of state law is inapplicable.

■ Despite occasional statements that questions relating to the finality principle in diversity actions must be resolved under state law, *e. g., Maher v. City of New Orleans,* 516 F.2d 1051, 1056 (5th Cir. 1975); *Breeland v. Security Ins. Co. of New Haven,* 421 F.2d 918 (5th Cir. 1969), the first Fifth Circuit case to consider the matter in depth reached a contrary conclusion. In *Aerojet-General Corp. v. Askew,* 511 F.2d 710 (5th Cir.), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975), the court held that the res judicata effect of a prior federal court diversity judgment in a subsequent federal action must be measured under federal law. The court stated:

"The importance of preserving the integrity of federal court judgments cannot be overemphasized—out of respect for the federal courts and for the policy of bringing litigation conclusively to an end. If state courts could eradicate the force and effect of federal court judgments through supervening interpretations of the state law of res judicata, federal courts would not be a reliable forum for final adjudication of a diversity litigant's claims." *Id.* at 716.

The question in the instant case is not one of res judicata since the defendant here was not a party to the previous suit as that rule requires. Nevertheless, the holding of the *Aerojet-General* court is equally applicable to questions of collateral estoppel as well. That doctrine, of course, precludes a party to which it applies from disputing facts which it has already litigated. As such, the rule involves a question of the methods for determining disputed facts which, in a federal court, are to be resolved under federal principles. *See, e. g., Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (right to jury trial in diversity case in federal court not dependent on state law); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958) (which issues in lawsuit to be decided by jury determined under federal law); *Conway v. Chemical Leaman Tank Lines, Inc.,* 525 F.2d 927 (5th Cir. 1976) (admissibility of evidence in diversity case determined by federal law). Moreover, the federal interests in bringing a lawsuit to a close and not diverting resources from consideration of cases brought by parties who have not yet had one day in court require a federal rule suited to those ends.

■ The federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate that issue, regardless of whether his present adversary was a party to the previous lawsuit. *See, e. g., Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Poster Exchange, Inc. v. National Screen Serv. Corp.,* 517 F.2d 117 (5th Cir. 1975); *Rachal v. Hill,* 435 F.2d 59 (5th Cir. 1970); *Bruszewski v. United*

*States,* 181 F.2d 419 (3d Cir.), *cert. denied,* 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950). Common sense supports this conclusion. As the court in *Bruszewski, supra,* noted:

> "[A] party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits a second time. Both orderliness and reasonable time saving in judicial administration require that this be so unless some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case." 181 F.2d at 421, cited with approval in *Rachal v. Hill,* supra at 63.

 There can be no doubt that the federal rule applied here bars plaintiff's suit. In *Lober v. Moore,* 135 U.S.App.D.C. 146, 417 F.2d 714 (1969), the plaintiff after losing her personal injury suit against a taxicab company in a Virginia state court sued the taxicab driver in a federal district court. Upholding the dismissal of the action, the Fourth Circuit stated the prevailing federal rule to be that "a judgment excusing the master or principal from liability on the ground that the servant or agent was not at fault forecloses a subsequent suit against the latter on the same claim." *Id.* at 718.

No possible claim that the prior trial was not a full and fair opportunity to litigate the issue can be raised here. Because plaintiff initiated that prior lawsuit, no unfairness or injustice results in requiring that she accept the adverse result. Moreover, as noted above, the proceedings were unobjectionable. Plaintiff has had her day in court when it was in her full interest to be fully prepared to sustain her position. Having failed to do so, she is not entitled to another attempt. Any remedy for her dissatisfaction with the judgment should have come in the form of a motion for a new trial addressed to this court or an appeal to the United States Court of Appeals for the Fifth Circuit.

 Rule 8(c) of the Federal Rules of Civil Procedure requires that collateral estoppel and res judicata be affirmatively pled and defendant has not done so. However, both parties after being informed of this issue by the court submitted briefs and thus no prejudice has resulted to the plaintiff by defendant's non-compliance with this rule. In any event, Rule 15(b) allows amendments to conform to the evidence, Rule 8(f) requires construction of pleadings to "do substantial justice," and Rule 1 mandates interpretation of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action."

That goal is achieved by this order.

This case having already been litigated, it must be and is dismissed with prejudice.