**BUD ANTLE, INC., Plaintiff,**

v.

**EASTERN FOODS, INC., Defendant.**

**Civ. A. No. CV181–277.**

United States District Court,
S.D. Georgia,
Augusta Division.

July 25, 1983.

David M. Zacks, Knox & Zacks, Augusta, Ga., F. Barron Grier, III, Richardson, Plowden, Grier & Howser, Columbia, S.C., for plaintiff.

Paul R. Jordan, Fine & Block, Atlanta, Ga., William A. Trotter, III, Augusta, Ga., John D. Feagin, Eastern Foods, Inc., Atlanta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

Presently before the Court is the plaintiff's motion for summary judgment. Relying upon the state law doctrine of "binding precedent," plaintiff argues that the defendant is precluded by the decision of the Fourth Circuit Court of Appeals in *R.C. McEntire & Co. v. Eastern Foods, Inc.,* 702 F.2d 471 (4th Cir.1983) from relitigating the question of merger and the proper standard damages. I previously noted in my order of June 7, 1983, that the state law doctrine cited by the plaintiff does not govern this action; federal principles of collateral estoppel must be applied. *See Aerojet-General Corp. v. Askew,* 511 F.2d 710 (5th Cir.), *rehearing denied,* 514 F.2d 1072, *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Willis v. Fournier,* 418 F.Supp. 265 (M.D.Ga.), *aff'd without opinion,* 537 F.2d 1142 (5th Cir.1976). I also noted that collateral estoppel is by judgment, not by verdict or appellate decision. 1B Moore's Federal Practice ¶ 0.441[2] at 3776 (2d ed. 1982).

The doctrine of collateral estoppel precludes the relitigation of issues that were fully litigated in a previous action when certain prerequisites to its application are met. Generally the courts have recognized three prerequisites: "[1] that the issue to be concluded be identical to that involved in the prior action; (2) that in the prior action the issue was fully litigated; and (3) that the determination of the issue was necessary and essential to the resulting judgment in the prior action." *Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202 (5th Cir.1981); *see Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir. 1981); *Johnson v. United States,* 576 F.2d 606, 615 (5th Cir.1978). In this case, the plaintiff seeks to use the doctrine of collateral estoppel offensively to prevent the relitigation of issues which the defendant has previously lost against another plaintiff. Use of offensive collateral estoppel was sanctioned in *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "[T]he decision as to the applicability of the doctrine [, however,] is within the discretion of the trial judge who should not allow its use when to do so would be unfair to the defendant." *Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202 (5th Cir.1981); *see Collins v.*

**446**

*Seaboard Coastline Railroad Co.,* 681 F.2d 1333 (11th Cir.1982).

In the *McEntire* case, which the plaintiff seeks to rely on, alternative theories for liability were submitted to the jury, and the jury returned a general verdict in favor of the plaintiff and against Eastern Foods, Inc. The district judge based his judgment on this general verdict. At page 5 of his order denying defendant Eastern Foods, Inc.'s motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, Judge Chapman found that "there was adequate evidence to support a verdict of actual damages for breach of contract or a verdict of actual damages for *de facto* merger or consolidation." In finding that the damages found by the jury were consistent with a finding of *de facto* merger or consolidation, the district court approved a merger theory of damages as opposed to a so-called trust fund theory of damages which would have limited the plaintiff's recovery to the value of the property received by Eastern Foods, Inc. in the alleged takeover of B & B Produce Processors.

In its brief in opposition to the plaintiff's motion, the defendant asserts that none of the prerequisites for the application of collateral estoppel are satisfied in this case. The defendant points out that if any one of the three recognized prerequisites is lacking, there can be no collateral estoppel. *See James Talcott, Inc. v. Allahabad Bank Ltd.,* 444 F.2d 451, 459 (5th Cir.1971).[1] Since I find that the issues which the plaintiff seeks to preclude in this case were not essential to the judgment in *McEntire,* I need not consider the other prerequisites.

A judgment may be expressly based upon determination of two or more issues, all of which were litigated and any one of which would have been adequate to support the judgment—as, for instance, a judgment for defendant in a negligence action based upon findings that the defendant was not negligent and that the plaintiff was contributorily negligent.... [A] judgment expressly based upon two or more determinations of litigated issues, any one of which is independently adequate to support the judgment, is nonetheless conclusive on both or all such issues. If, however, the judgment might have been based upon one or more of several grounds, but does not expressly rely upon any one of them, then none of them is conclusively established under the doctrine of collateral estoppel, since it is impossible for another court to tell which issue or issues were adjudged by the rendering court.

1B Moore's Federal Practice ¶ 0.443[4] at 3915 (2d ed. 1982).

Given the jury's general verdict in the *McEntire* case and the judgment entered on that verdict, it is impossible to tell whether the actual damages awarded in that case were based on a theory of *de facto* merger or consolidation as opposed to a finding of breach of contract. *See Tucker v. Arthur Anderson & Co.,* 646 F.2d 721, 728 (2d Cir. 1981). Thus, it cannot be shown that the merger issue itself and the issue of the proper measure of damages under a merger theory were necessary and essential to the judgment.

Accordingly, collateral estoppel may not be utilized in this case, and the plaintiff's motion for summary judgment is hereby DENIED.

---

**1.** In the alternative, the defendant has moved this Court, in the interest of fairness, to utilize its discretion under *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), to prevent the use of offensive collateral estoppel under the facts of this case.

Although my conclusion that not all of the prerequisites for the application of collateral estoppel are present in this case is dispositive of the plaintiff's motion, I note that the issues in this case are not identical to the issues in *McEntire.* For example, the plaintiff in this case does not assert a breach of contract claim. Thus, even if all of the prerequisites were met in this case, considerations of fairness would militate against the offensive use of collateral estoppel. *See Deweese v. Town of Palm Beach,* 688 F.2d 731, 733–34 (11th Cir.1982), *Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202–03 & n. 1 (5th Cir.1981).