# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2025

Lyle W. Cayce
Clerk

No. 25-50272
Summary Calendar

———————————

JOHN DAVID FERRARA, *also known as* JOHN D. FERRARA,

*Plaintiff—Appellant*,

*versus*

JOSEPH SWONKE, *City of Kyle, Kyle Police Department, his individual capacity only*; PEDRO CARRASCO, *City of Kyle, Kyle Police Department, his individual capacity only*; UNKNOWN KYLE POLICE OFFICERS,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-77

———————————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Beginning in 2020, Plaintiff-Appellant John David Ferrara filed a succession of pro se suits in the Western District of Texas (San Antonio Division) alleging constitutional torts under 42 U.S.C. § 1983. The gist of Ferrara's various claims is that he "ha[s] been under surveillance, by public

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50272

servants, for unknown reasons, for decades."[1] He believes over 30 public officials and municipalities have participated in the conspiracy, including city-council members and the mayor of the city of Kyle, court staff, deputies, and attorneys with Cameron County, and the mayor, police chief, and other officials with the city of Princeton. Among the many state officials allegedly surveilling him is Jeffrey Barnett, the police chief of Kyle, Texas.[2] There's no serious dispute that Ferrara sent Barnett over 1,200 unrequited social-media messages, some of which suggested familiarity with Barnett's personal life and resulted in Ferrara's arrest for felony stalking. The ensuing criminal

_____

[1] No reasons are provided for the alleged surveillance, though Ferrara is sure he's been "followed around and surveilled because of his license plates . . . since [he] received them in 2013 or so." He describes a 2015 wellness visit from the Cameron County Sheriff's Office, which brought him to a hospital where "a person [Ferrara] had seen in the past (a current John Doe), when [he] use[d] to work out at a gym in Harlingen, was present in the Emergency Room in purple scrubs." Ferrara attempted to get the name of the purple-scrubs John Doe "but no person has been willing to identify him." He's seen "City of Princeton Representatives . . . in the Rio Grande Valley in 2012" and witnessed a "Jane Doe" in a Harlingen gym surveilling him, even entering a restaurant where Ferrara was with three more "Jane Does" during the 2011–2016 period. Those Jane Does reemerged in 2019 in Cameron County, one of whom Ferrara identified as a district attorney who was "shocked and surprised" to see him. The Jane Does continued surveilling him in 2020 when he spotted one in the Cameron County courthouse. Ferrara "was unsure where the individuals worked, at the time; but, based upon conduct and treatment, it appears the individuals were used to help conspire to violate [Ferrara's] rights[.]"

[2] Ferrara claims in 2009, Barnett moved to Princeton, Texas, across the street from Ferrara, and "engaged in tactics which provided slander and defamation towards" Ferrara. The next year, Ferrara moved from Princeton to Combes, Texas, and witnessed "[t]he same theme of activity" for the next five years. He says a prior neighbor from Combes (an FBI agent) had a Princeton police agent visit his house in 2012. Then Ferrara moved to Cameron County, where "[t]he theme presented itself again" and Ferrara was "forced to move to San Antonio . . . because of the conduct stemming from Barnett in 2009." "Then, a repetitive scheme, meeting much of the same elements, presented itself again; by connection of someone that moved in across the street from [Ferrara] in 2009, and conducted or assisted the conduction of a campaign to defame and slander the neighbor to achieve the desired outcome to have [Ferrara] arrested."

No. 25-50272

case ended with a Deferred Prosecution Agreement, where the State agreed to conditionally dismiss its case, so long as Ferrara stayed out of trouble and had no direct contact with Barnett for two years.

The first and second of Ferrara's pro se suits were filed in forma pauperis, screened under 28 U.S.C. § 1915(e)(2), characterized as "fantastic and delusional scenarios," and dismissed as frivolous.[3] Ferrara did not pursue an appeal of either judgment. Instead he filed a fee-paid suit, which asserted § 1983 liability arising from the same conspiracy and arrest at issue in his IFP suits dismissed under § 1915(e).[4] The defendants moved to dismiss, arguing the prior judgments precluded the fee-paid claims. The magistrate judge acknowledged that § 1915(e) dismissals aren't preclusive unless they fall under one of the exceptions set forth in *Marts v. Hines*.[5] Applying the *Marts* exceptions, the magistrate concluded the § 1915(e) dismissals were, indeed, preclusive and barred the fee-paid suit, which arose from the same nucleus of operative facts as the IFP suits. The district judge adopted the report and recommendation, and admonished Ferrara "that if he continues to institute new actions based on claims that have already been dismissed, sanctions may be imposed[.]" Again, Ferrara did not appeal. He instead filed two more fee-paid suits based on the same operative facts as the prior cases.[6] The last of these is the subject of this appeal.

In it, Ferrara sued two officers and alleged the probable-cause affidavit that secured his arrest warrant for stalking Barnett was false because it

---

[3] *Ferrara v. Wallace*, No. 5:20-CV-1128 (W.D. Tex. filed Sept. 22, 2020); *Ferrara v. Barnett*, No. 5:21-CV-237 (W.D. Tex. filed Mar. 8, 2021).

[4] *Ferrara v. City of Kyle*, No. 5:22-CV-741 (W.D. Tex. filed July 11, 2022).

[5] 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc).

[6] *Ferrara v. Travis Cnty. Att'y's Off.*, No. 5:23-CV-1406 (W.D. Tex. filed Nov. 3, 2023); *Ferrara v. Swonke*, No. 5:24-CV-77 (W.D. Tex. filed Jan. 19, 2024).

omitted his "fantastic and delusional scenarios" that comprise the conspiracy.[7] The officers moved to dismiss, arguing claim and issue preclusion and qualified immunity. A magistrate judge recommended dismissal for the reasons urged, as well as limitations. The district judge adopted the report and recommendation, and enjoined Ferrara from filing new suits in the San Antonio Division without leave of court. We review the dismissal de novo and the sanction for abuse of discretion.[8]

Ferrara contends the district court erred on each of the grounds noted in its ruling. We don't engage his arguments though, because Ferrara's operative complaint fails to state a *Franks* or *Malley* claim as a matter of law: it merely asserts the probable-cause affidavit that secured his arrest warrant for felony stalking should have been rewritten to reflect an exhaustive narrative of his conspiracy, along with some conclusory statements about the officers' motives. His assertions of a decades-long conspiracy don't detract from the charge the probable-cause affidavit supported; nor do they plausibly allege that any part of the affidavit was false or misleading; that either officer intended to mislead the state magistrate; that probable cause was lacking; or

---

[7] *See generally Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (holding the Fourth Amendment requires a hearing where a defendant can challenge the veracity of a warrant affidavit if he makes a substantial preliminary showing the affiant knowingly and intentionally, or with reckless disregard for the truth, included false statements necessary to the finding of probable cause); *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986) (holding an officer who applies for an arrest warrant can be liable under § 1983 if a reasonably well-trained officer in his position would have known the affidavit "is so lacking in indicia of probable cause as to render official belief in its existence unreasonable"); *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (applying *Franks* to the civil context and holding an officer may be liable under § 1983 when he deliberately or recklessly includes falsehoods or omits material facts in a warrant affidavit, leading to an unconstitutional arrest). Ferrara also asserted a First Amendment retaliation claim but failed to brief its dismissal, so forfeited it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

[8] *See Sw. Airlines Pilots Ass'n v. Sw. Airlines Co.*, 120 F.4th 474, 481 (5th Cir. 2024); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam).

No. 25-50272

that a reasonably well-trained officer in the officers' position would have known the affidavit failed to establish probable cause.[9] Independent of these deficiencies, issue preclusion also forecloses any further attempt by Ferrara to relitigate his conspiracy allegations that serve as the basis for his *Franks*/*Malley* claim, as those allegations have been conclusively adjudged to be frivolous and hence, inactionable.[10]

Turning to the district court's pre-filing injunction, we consider whether the injunction is a proportionate sanction and whether the district court issued a warning before imposing it.[11] The district court warned Ferrara three times against filing redundant claims and allegations, but he did it anyway—and more than once. Under the circumstances, we find no abuse of the district court's discretion. AFFIRMED.

---

[9] *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Michalik v. Hermann*, 422 F.3d 252, 258–60 & n.5 (5th Cir. 2005) (describing elements of *Franks* and *Malley* claims); *see also George v. SI Grp., Inc.*, 36 F.4th 611, 620 (5th Cir. 2022) ("We may affirm a Rule 12(b)(6) dismissal on any record-supported basis.").

[10] *See Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (per curiam) (stating issue preclusion prevents re-litigating an issue previously lost, thus conserving judicial resources, maintaining consistency, and avoiding vexatious litigation); *Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983) (stating issue preclusion applies, "regardless of whether his present adversary was a party to the previous lawsuit" (quoting *Willis v. Fournier*, 418 F. Supp. 265, 266 (M.D. Ga.), *aff'd*, 537 F.2d 1142 (5th Cir. 1976))).

[11] *See Birdo v. Carl*, No. 93-8558, 1994 WL 442358, at *2 (5th Cir. July 25, 1994) (per curiam); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (stating a court should "impose the least severe sanction adequate" (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992))).