**CHUNHYE KIM LEE, Plaintiff–Appellant,**

v.

**ARIZONA BOARD OF REGENTS; et al., Defendants–Appellees.**

No. 14–15404.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2016.*

Filed March 21, 2016.

Frank R. Mead, Jr., Esquire, Lorona Mead, PLC, Phoenix, AZ, for Plaintiff–Appellant.

Rebecca Van Doren, Daniel G. Dowd, Cohen Kennedy Dowd & Quigley, P.C., Phoenix, AZ, for Defendants–Appellees.

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Dr. Chunhye Kim Lee (Dr. Lee) appeals the Rule 12(b)(6) dismissal of her 2013 first amended complaint (FAC) against the Arizona Board of Regents, the State of Arizona, Northern Arizona University (NAU), and certain individual employees of NAU (collectively, Appellees) on res judicata grounds. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. The district court correctly concluded that Dr. Lee's 2013 FAC alleged claims arising out of the "same transactional nucleus of facts" as the claims alleged in her 2010 action against Appellees, which were dismissed in a final judgment on the pleadings on August 4, 2011.[1] *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir.2000). Dr. Lee's 2010 action alleged whistleblower retaliation based on a May 2008 email she sent to her supervisor, Dean Schulz, that raised concerns about Dean Schulz's academic credentials. Before she filed her 2010 action, Dr. Lee communicated her concerns about Dean Schulz and other NAU faculty to "those

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

1. A dismissal based on a final judgment on the pleadings is a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir.2002); *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

charged with enforcing the Arizona Board of Regents criteria for faculty credentials" in a Spring 2010 letter. In the 2013 FAC, Dr. Lee alleges whistleblower retaliation based on the Spring 2010 letter. The district court correctly found that Dr. Lee alleged the same acts of retaliation in both actions resulting from the same concerns expressed in the 2008 email and Spring 2010 letter. *See ProShipLine Inc. v. Aspen Infrastructures Ltd.,* 609 F.3d 960, 968 (9th Cir.2010). That Dr. Lee was formally terminated after the 2010 action had closed does not alter this analysis. Although the 2013 action alleges some claims that differ from those adjudicated in the 2010 action, there is no question that all of the claims she now alleges were either "raised or could have been raised in [the] prior action." *Cell Therapeutics, Inc. v. Lash Grp., Inc.,* 586 F.3d 1204, 1212 (9th Cir. 2009).

2. Because the district court correctly concluded that Dr. Lee's 2013 action was barred by claim preclusion, the district court was not required to address whether it was also barred under the doctrine of issue preclusion. *See Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,* 750 F.2d 731, 746 n. 17 (9th Cir.1984).

3. The district court correctly concluded that privity exists between the defendants in the 2010 action and Appellees. The only additional defendants named in the 2013 FAC are individual NAU employees. An employer-employee relationship satisfies the claim preclusion privity requirement. *See Spector v. El Ranco, Inc.,* 263 F.2d 143, 145 (9th Cir.1959).

4. In sum, as the district court reasoned, the two actions raise "essentially the same grievance against the same parties." The doctrine of claim preclusion

thus bars re-litigation of the same grievance.[2]

**AFFIRMED**

---

**2.** Appellees' request for attorneys' fees on appeal is denied.